UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-

KINGSLEY BERNARD,

         Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 98-CR-500-FB

*Appearances:*

| | |
|---|---|
| *For the United States:* | *For the Defendant:* |
| IRISA CHEN | DANIEL HABIB |
| Assistant United States Attorney | Federal Defenders of New York |
| Eastern District of New York | 52 Duane Street, 10th Floor |
| 271 Cadman Plaza East | New York, New York 10007 |
| Brooklyn, New York 11201 | |

**BLOCK, Senior District Judge:**

      Kingsley Bernard is currently serving a sentence of 240 months for attempted and completed Hobbs Act robbery, in violation of 18 U.S.C. § 1951. He is also serving consecutive five- and twenty-five-year sentences for using a firearm in connection with those crimes, in violation of 18 U.S.C. § 924(c), and a consecutive life sentence for causing a death with a firearm, in violation of 18 U.S.C. § 924(j).

      Bernard's convictions and sentence were affirmed on direct appeal, *see United States v. Bernard*, 151 F. App'x 76 (2d Cir. 2005), and he unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255. However, the Second

1

Circuit has granted him permission to file a successive § 2255 motion raising the claim that his Hobbs Act convictions do not supply valid predicates for his § 924 convictions under *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 138 S. Ct. 2319 (2019). For the following reasons, the Court concludes that attempted Hobbs Act robbery is not a "crime of violence" but that completed Hobbs Act robbery is. The Court will, in its discretion, resentence Bernard de novo.

# I

Section 924(c) requires a consecutive term of imprisonment when a defendant uses or carries a firearm "during and in relation to any crime of violence or drug trafficking crime." *Id.* § 924(c)(1)(A). The mandatory penalty is five years' imprisonment for the first violation and twenty-five years for every subsequent violation. *See id.* §§ 924(c)(1)(A)(i), 924(c)(1)(C)(i). If the use of a firearm results in murder, the mandatory penalty is life imprisonment. *See id.* § 924(j)(1).

A "crime of violence" is any felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). In *Davis,* the Supreme Court held that clause (B)—

2

the so-called "residual clause"—was unconstitutionally vague. *See* 139 S. Ct. at 2336. Thus, a § 924(c) conviction must now be predicated on clause (A)—the so-called "force clause" or "elements clause."

In deciding whether a crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," courts are to apply a categorical approach, and not a case-specific one. This approach "requires us to look at the elements and the nature of the offense of conviction, rather than to the particular facts relating to the petitioner's crime." *Davis*, 139 S. Ct. at 2328 (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004)); *see also United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018) ("[T]he categorical approach requires us to consider the minimum conduct necessary for a conviction of the predicate offense . . . , and then to consider whether such conduct amounts to a crime of violence under § 924(c)(3)(A).").

Courts have spent the years since *Davis* assessing whether various crimes qualify as crimes of violence under the categorical approach. In *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), the Second Circuit held that *Davis* foreclosed the argument that a conspiracy to commit Hobbs Act robbery was a crime of violence. *See id.* at 129. More recently, the Supreme Court held last June that attempted Hobbs Act robbery does not quality, either. *See United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022) ("Whatever one might say about *completed* Hobbs

3

Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause."). Thus, the government concedes that Bernard's conviction for attempted Hobbs Act robbery does not constitute a crime of violence, and that the two § 924 convictions predicated on that crime—including the § 929(j) conviction for use of a firearm to commit murder—must be vacated.

Bernard argues that his § 924 conviction predicated on a completed Hobbs Act Robbery must also be vacated. The Second Circuit has held that such a crime is a crime of violence under the elements clause. *See United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018) ("[Completed] Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" (quoting 18 U.S.C. § 924(c)(3)(A)). Bernard argues that *Taylor* abrogated *Hill*. The Court disagrees.

*Hill* applied a "realistic probability test," under which the defendant must point to actual cases—and not just a "theoretical possibility"—to show that "the statute at issue could be applied to conduct that does not constitute a crime of violence." *Id.* at 56 (citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007)). In *Taylor*, the Supreme Court disapproved that test *with respect to attempted robbery*. *See* 142 S. Ct. at 2025. It is true that the Court relied, in part, on federalism concerns, which are not present here. *See id.* at 2025 (noting that *Duenas-Alvarez* involved a comparison between state and federal laws). But the crux of its

4

reasoning was a distinction between overlapping elements and different elements:

> [I]n *Duenas-Alvarez* the elements of the relevant state and federal offenses clearly overlapped and the only question the Court faced was whether state courts *also* "appl[ied] the statute in [a] special (nongeneric) manner." Here, we do not reach that question because there is no overlap to begin with. Attempted Hobbs Act robbery does not require proof of *any* of the elements § 924(c)(3)(A) demands. That ends the inquiry, and nothing in *Duenas-Alvarez* suggests otherwise.

*Id.* (quoting, with alterations, 549 U.S. at 193). In other words, while attempted robbery requires "a substantial step" towards completing the robbery, it does not require that the defendant "used, attempted to use, or even threatened to use force against another person or his property" in taking that step. *Id.* at 2020. Thus, the definition of "crime of violence" includes an element that attempted Hobbs Act robbery lacks—an actual, attempted or threatened use of force. Even before *Taylor*, the Second Circuit recognized that the realistic probability test does not apply when the statute "on its face extends to conduct beyond the definition of the corresponding federal offense." *Hylton v. Sessions*, 897 F.3d 57, 63 (2d Cir. 2018).

By contrast, the use, attempted use, or threatened use of force is unquestionably an element of completed Hobbs Act robbery. *Hill* addressed an ambiguity as to whether the force required for that offense was synonymous with the force required to qualify as a crime of violence and concluded that it was. *See* 890 F.3d at 57-59. The Court concludes that this aspect of *Hill* remains good law

5

and, accordingly, rejects Bernard's argument that completed Hobbs Act robbery is no longer a valid predicate for a § 924(c) conviction.[1]

## II

When a conviction is vacated on direct appeal, the "default rule" is that the district court must resentence the defendant de novo on the remaining counts. *See United States v. Rigas*, 583 F.3d 108, 115 (2d Cir. 2009) (citing *United States v. Quintieri*, 306 F.3d 1217, 1227-28 (2d Cir. 2002)). The parties agree that the Court should resentence Bernard de novo.

However, the Second Circuit recently held that the same default rule does not apply to a vacatur resulting from a successful § 2255 motion. *See United States v. Peña*, 55 F.4th 367 (2d Cir. 2022). Rather, the statute's plain text "vests district courts with discretion to select the appropriate relief from a menu of options." *Id*. at 372. Having vacated a conviction, the district court may "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The Court perceives some obligation to exercise its discretion independently, notwithstanding the

---

[1] Implicitly confirming the distinction between overlapping elements and different elements, the Second Circuit recently held that completed Hobbs Act robbery was not a qualifying crime of violence *under the career offender sentencing guideline*. *See United States v. Chappelle*, 41 F.4th 102, 109 (2d Cir. 2022). The reason: the guideline defines "crime of violence" as involving force against only people, while Hobbs Act robbery "is defined more broadly to include crimes that can be based on threats against either people or property." *Id. Chappelle* did not mention, let alone overrule, *Hill*.

6

parties' agreement.

As the Court recently explained, a de novo resentencing allows a defendant to raise sentencing issues that might not themselves support a successive § 2255 motion. *See United States v. Abu Mezer*, 2023 WL 130829, at *4 (E.D.N.Y. Jan. 9, 2023). In that case, the defendant was serving a life sentence on convictions unaffected by the vacatur of his § 924 conviction. Here, by contrast, the Court is vacating the conviction that carries a life sentence, as well as the conviction that carries a 25-year sentence. The Court concludes, in its discretion, that such a drastic change to "the constellation of offenses for which the defendant was convicted," *Quintieri*, 306 F.3d at 1227, warrants a de novo resentencing.

## III

Accordingly, Bernard's § 924 convictions predicated on attempted Hobbs Act robbery (i.e., Counts Five and Six) are vacated, along with the sentences accompanying those convictions. The judgment of conviction and sentence remains unchanged in all other respects. The Probation Department is directed to prepare an updated Presentence Report, upon completion of which the matter will be scheduled for a de novo resentencing.

    SO ORDERED.

                                                      /S/ Frederic Block  
                                                      FREDERIC BLOCK  
                                                      Senior United States District Judge

Brooklyn, New York  
January 13, 2023